**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:18-cv-80948-ROSENBERG/REINHART**

DOROTHY KERR CHECA CHONG
*on behalf of herself and all others*
*similarly situated*,

    Plaintiff,

v.

NEW PENN FINANCIAL, LLC, d/b/a
SHELLPOINT MORTGAGE SERVICING,

    Defendant.
_____/

## FINAL JUDGMENT

This action having settled pursuant to the Stipulation and Settlement Agreement (the "Settlement Agreement") and the Court having entered an Order Granting Final Approval To Class Action Settlement (the "Final Order"), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against the Named Plaintiff and all other Settlement Class Members, without fees (including attorneys' fees) or costs to any party except as otherwise provided in the Final Order.

    a. "Named Plaintiff" means Dorothy Kerr Checa Chong.

    b. "Settlement Class Members" are members of the "Settlement Class," which consists of the following:

The "Class" shall include all borrowers in the United States who, within the Class Period, were charged by Shellpoint under a hazard, flood, or wind LPI policy, procured by Overby-Seawell Company on or aftter March 1, 2014, for Residential Property, and who, within the Class Period, either (i) paid to Shellpoint the Net Premium for that LPI Policy or (ii) did not pay to and still owe Shellpoint the Net Premium for that LPI Policy. Excluded from the Class are: (i) individuals who are or were during the Class Period officers or directors of the Defendant or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers who only had an LPI Policy that was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower or the borrower's escrow account; (iv) all borrowers for whom a final foreclosure judgment, foreclosing the mortgage loan serviced by Shellpoint, was entered against them; and (iv) all borrowers who file a timely and proper request to be excluded from the Class.

The "Class Period" shall commence on March 1, 2014, and shall continue through and including April 4, 2019.

  c. "Shellpoint" means New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing, which is now known as NewRez LLC d/b/a Shellpoint Mortgage Servicing.

  d. "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity.

  e. "LPI Policy" means a lender-placed residential hazard, flood, or wind LPI policy procured by the Overby-Seawell Company on or after March 1, 2014 and placed pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by Shellpoint to cover a borrower's failure to maintain the required insurance coverage on the residential property securing the loan.

  f. "Net Premium" means the amount of premium charged to a Class Member for an LPI Policy during the Class Period less any refund paid or credited to the Class Member.

  2. Named Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class, as well as their respective family members, executors, representatives, administrators, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy

trustees, successors, predecessors, joint tenants, tenants in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, have released the Released Claims as against the Released Persons, and are, from this day forward, hereby permanently barred and enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction for the Released Claims; or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims.

      a.     "Released Claims" means any and all claims, actions, causes of action, suits, defenses, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have until the close of the Settlement Class Period or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Litigation or that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning Shellpoint's placement, or the Overby-Seawell's procurement for Shellpoint, of LPI Policies or to the receipt or disclosure or nondisclosure of charges related to the advancing of LPI premiums during the Settlement Class

Period, including but not limited to conduct, policies or practices concerning LPI Policies or to charges for Shellpoint's Placement of LPI Policies through Overby-Seawell Company, during the Settlement Class Period. In agreeing to this Release, Named Plaintiff explicitly acknowledges, and each Settlement Class Member is deemed to recognize, that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity.

    b.  The Released Claims of both the Named Plaintiff and the Settlement Class Members shall include, but not be limited to, all claims related to Shellpoint's insurance requirements; the relationship, whether contractual or otherwise, between Shellpoint and Overby-Seawell Company regarding LPI, including, but not limited to, the procuring, underwriting, placement, insurance tracking, or costs of LPI Policies; the coverage amount, duration, issue date, alleged "backdating," or alleged excessiveness (including but not limited to coverage amount or cost) of any LPI Policies placed or charged by Shellpoint; the payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any LPI Policies placed or charged by Shellpoint; the receipt or disclosure or non-disclosure of any and all payments, expenses, fees, finance charges, other charges, or features pertaining in any way to, in connection with, or under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by Shellpoint; the receipt or non-disclosure of any benefit under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by Shellpoint; the content, manner, or accuracy of any communications regarding the placement of any LPI Policies by Shellpoint; and to the regulatory approval or non-approval of any LPI Policy, or the premium thereon, placed or charged by Shellpoint. Each Settlement Class Member shall be considered, by operation

4

of the Final Judgment, to have received full and final redress, including but not limited to any refund, reimbursement, restitution, or damages for the conduct covered by the release.

c. "Released Persons" means, only with respect to Released Claims: (a) Shellpoint and each of its respective past or present, direct or indirect Affiliates, parent companies, subsidiaries, divisions, predecessors, successors, assigns, investors, and all past or present officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of any such entities or persons and (b) any trustee or investor of a mortgage securitization trust which included loans made to any Settlement Class Member, including, but not limited to any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, insurers, representatives, successors and assigns, and attorneys of all such entities.

3. Notwithstanding the dismissal of this entire action, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement, including jurisdiction to enter such further orders as may be necessary or appropriate.

4. Within ten (10) days, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any jurisdiction and that have been released pursuant to the Settlement Agreement and Final Order and enjoined pursuant to this judgment.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of September, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record